Dear Mayor Beckwith:
You have requested an opinion of this office regarding whether the Mayor of the City of Tallulah can require a former member of the Tallulah City Council to return to the City recreation equipment that was purchased with funds from the City's general account as well as funds the Madison Parish Police Jury gave the City for the purpose of purchasing recreation equipment.
Our office has consistently opined that property which is purchased with public funds and given to a public employee or public official to use in carrying out his or her job is public property and must be returned to the public entity when the employee leaves employment in order to avoid violating La.Const. art. VII, Sec. 14(A). See La. Atty. Gen. Op. Nos. 10-0078, 08-0311 (opining "items given by a police department to an officer for the purpose of performing his duties as an officer constitutes police equipment and public property. Because public funds are used to purchase police equipment all equipment issued to an officer is the public property of the police department and must be returned when the employee ceases employment."); La. Atty. Gen. Op. No. 02-0476 (opining that "providing uniforms to Town employees was a donation of public funds and such is prohibited by Article 7, Section 14 of the Louisiana Constitution. But if the uniforms remain the Town's property and are worn pursuant to a formal policy, the Town may do so."); La. Atty. Gen. Op. No. 87-710 (opining that "uniforms purchased by the assessor must remain public property in order that Article VII, Section 14 of the Louisiana Constitution is not violated."); and La. Atty. Gen. Op. No. 77-71 (opining that "the police jury may furnish trucks to be used by individual police jurors provided it is expressly understood that such trucks are and will always remain public property and are to be used only for police jury *Page 2 
purposes."). If a public entity allows a public official or public employee to use City equipment and the employee either uses the equipment for personal use or fails to return the equipment, the entity has given away public property in violation of La.Const. art. VII, Sec. 14.[1]
In light of the prohibition against donating public property in La.Const. art. VII, Sec. 14(A) and the attorney general opinions cited above, it is the opinion of this office that the Mayor of the City of Tallulah may require a former councilman to return recreation equipment purchased with funds belonging to the City of Tallulah, thereby making the recreation equipment the property of the City of Tallulah.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ Lindsey K. Hunter Assistant Attorney General
 JDC/LKH/chb
[1] La.Const. art. VII, Sec. 14(A) prohibits public entities from giving away public funds or property gratuitously. It provides as follows: "[e]xcept as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. . . ."